UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

KANTARIYA LEKACHINABUTR, individually,

    Plaintiff,

v.

DYNAMIC RECOVERY SERVICES, INC.,
a Texas Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES
## JURY DEMAND

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). In its telephonic efforts to collect a consumer debt from Plaintiff, Defendant failed to disclose the purpose of its call to Plaintiff as well as its identity as a debt collector, both of which are federally mandated requirements of debt collectors pursuant to the FDCPA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant conducts business and placed phone calls into this District.

## PARTIES

3. Plaintiff, KANTARIYA LEKACHINABUTR, is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, DYNAMIC RECOVERY SERVICES, INC., is a Texas Corporation, which regularly makes debt collection phone calls on behalf of its clients and is a registered "consumer collection agency" as that term is defined by Fla. Stat. §559.55(7).

5. Defendant regularly uses the telephone in a business, the principal purpose of which is the collection of consumer debts.

6. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

7. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect an alleged consumer debt from Plaintiff; upon information and belief, the subject debt concerned Plaintiff's credit card account, which she used to consumer goods, such as food and clothing.

9. Within the last year, Defendant called Plaintiff's cellular telephone and at her workplace on multiple occasions in an effort to collect the aforementioned debt; the telephone calls from Defendant left voicemail messages, which were subsequently heard by Plaintiff.

10. During the above-mentioned time frame, Defendant called Plaintiff and left two messages, which stated the following:

**[Message #1]**

*Hey..uh…Dede, this is Jason Tulman. I am calling to make sure that you (inaudible) call and rectify this matter. I mean my client's talking about sending this out today and (inaudible) spoke to you about. If you will give me a call back, (inaudible) phone number is 1-800-886-8088 extension 2293- that's 1-800-866-8088 extension 2293.*

**[Message #2]**

*Hey…Dede…Robert Romero. Calling on Wednesday the 21st of November. Listen, I've got some great news for you on this file so, when you get a moment, give me a call back - it's 800-886-8088…I'm at extension 2203. Thank you.*

11. The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-

Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

12. The voicemail messages failed to properly disclose that Defendant is a debt collector in violation of 15 U.S.C §1692e(11). *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006); *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006); *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

13. Defendant failed to disclose the purpose of the communication when the true purpose behind the call was to collect a debt from Plaintiff. *See generally, Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D.Ga. 1982); *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

14. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *See generally, LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010); *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

15. Federal Courts have held that the failure to properly identify oneself as a debt collector in a voicemail message left on an answering machine or state that a voicemail message was left as an attempt to collect a debt constituted a valid claim under the FDCPA. *See generally, Anchondo v. Anderson, Crenshaw &*

4

*Associates, LLC,* 583 F.Supp.2d 1278 (D. New Mexico 2008); *Edwards v. Niagara Credit Solutions, Inc.*, 2009 U.S. App. LEXIS 22500 (11th Cir. 2009).

## COUNT I
## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

16.  Plaintiff incorporates Paragraphs 1 through 15.

17.  Defendant's voicemail messages failed to disclose to Plaintiff that it was a debt collector in violation of 15 U.S.C. §1692e(11). *See generally, Chalik v. Westport Recovery Corp.*, 677 F.Supp.2d 1322 (S.D. Fla. October 30, 2009) (holding that debt collector leaving voicemail message merely requesting a return phone call on a consumer debt are subject to the requirements of 15 U.S.C § 1692e(11)).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of the instant suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE

18. Plaintiff incorporates Paragraphs 1 through 15.

19. Defendant placed telephone calls to Plaintiff without making a meaningful disclosure of the true purpose behind Defendant's communications in violation of 15 U.S.C §1692d(6). *See generally, Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008 (S.D. Fla. September 23, 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 30th day of April, 2012.

    SCOTT D. OWENS, ESQ.
    664 E. Hallandale Beach Blvd.
    Hallandale, Florida 33009
    Telephone: 954-589-0588
    Facsimile: 954-337-0666
    scott@scottdowens.com

    By:/s/ *Scott D. Owens*
    Scott D. Owens, Esq.
    Florida Bar No. 0597651